UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

RICARDO RIVERA, JR.,

  Petitioner,

 v.

UNITED STATES OF AMERICA,

  Respondent.

---

Civ. No. 18-3702 (NLH)

OPINION

APPEARANCE:
Ricardo Rivera, Jr., No. 41323-050
USP - Hazelton
P.O. Box 2000
Bruceton Mill, WV 26565
 Petitioner, pro se

HILLMAN, District Judge

 Petitioner Ricardo Rivera, Jr., a prisoner presently confined at the United States Penitentiary at Hazelton in Bruceton Mill, West Virginia, has filed an Amended Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 5. At this time, the Court will conduct a preliminary review of the Amended Motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.

BACKGROUND

 On September 21, 2007, Petitioner was convicted of possessing a firearm in violation of 18 U.S.C. § 922(g)(1). See

1

ECF No. 5 at 1; see also No. 06-cr-849, ECF No. 18 (judgment of conviction). Petitioner did not file an appeal.

Over a decade later, Petitioner filed the initial § 2255 Motion on March 16, 2018. See ECF No. 1. The Motion was administratively terminated with the right to reopen because the Motion was not on the form required for motions pursuant to 28 U.S.C. § 2255 by Local Rule 81.2. See ECF Nos. 3, 4. Petitioner has since filed an Amended Motion on the correct form. See ECF No. 5. In the Motion, Petitioner alleges ineffective assistance of counsel, prosecutorial misconduct related to his pre-sentence investigation report, and also seeks to challenge his state court convictions. See ECF No. 5 at 4-9.

TIMELINESS

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. See 28 U.S.C. §§ 2244(d), 2255(f)(1). Specifically, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

2

>     newly recognized by the Supreme Court and made
>     retroactively applicable to cases on collateral review;
>     or
>
> (4) the date on which the facts supporting the claim or
>     claims presented could have been discovered through the
>     exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner did not file a direct appeal of his criminal case. Therefore, his judgment of conviction became final on October 5, 2007. See Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (holding that a judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari). As a result, unless the statute of limitations was tolled, the statute of limitations would have expired a year later on October 5, 2008. See 28 U.S.C. § 2255(f)(1). The Motion was not filed until 2018, well beyond the one-year period. Thus, the Petition was filed beyond the expiration of the applicable one-year statute of limitations period.

In the section of the Amended Motion entitled "Timeliness of Motion," Petitioner writes that "I was advised by Richard Coughlin on September 21, 2011 via legal mail that I must address my issues when I'm in federal custody. I was in state custody from 9-22-06 to 10-15-17." ECF No. 5 at 12. Without making any determination as to the merits of the Petition, the

3

Court finds that Petitioner has failed to properly explain why his Amended Motion is timely under § 2255(f).

TOLLING

As set forth above, the Petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period. In Holland v. Florida, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649–50 (2010); Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." LaCava v. Kyler, 398

F.3d 271, 277 (3d Cir. 2005). See also Alicia v. Karestes, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. Holland, 560 U.S. at 651. See also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava, 398 F.3d at 275-276. See also Holland, 560 U.S. at 648-49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that

5

equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

Indeed, extraordinary circumstances have been found only where (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, although Petitioner has explained why he waited to file the Motion, he has not explained why it was reasonable for him to rely on the advice he says he received regarding the

Motion.[1]  Further, Petitioner has failed to address the factors required to consider equitable tolling outlined above.  Without this information, the Court is unable to assess equitable tolling.  Accordingly, the Amended Motion will be dismissed as untimely.

This dismissal is without prejudice to Petitioner filing a motion to re-open this case for consideration of statutory or equitable tolling issues.  See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (holding that district courts should provide petitioners with notice and opportunity to respond to a finding of untimeliness); Paulk v. United States, No. 14-3490, 2015 WL 3935813, at *3 (D.N.J. June 26, 2015) (dismissing petition but permitting plaintiff to file a motion to reopen to show valid reasons why the petition should not be dismissed as untimely).

CONCLUSION

For the foregoing reasons, the Petition is dismissed without prejudice as untimely.  See 28 U.S.C. § 2255(f).  Petitioner may file a motion to re-open this case for consideration of statutory or equitable tolling issues within

---

[1] As noted, the Petition alleges Petitioner received advice via legal mail from Richard Coughlin, whom the Court presumes to be the Federal Public Defender for this District.  Petitioner was represented by Christopher O'Malley of the Federal Public Defender's Office in his underlying criminal case. See United States v. Ricardo Rivera, Jr., 06-cr-849 (NLH).

sixty (60) days from the entry of this Opinion and accompanying Order.  See Bendolph, 409 F.3d at 169.

An appropriate Order will follow.


Dated: November 2, 2018                s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN
                                       United States District Judge